UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Weston J. Stow

    v.                                        Case No. 18-cv-1108-LM

Stephen Sloper and
James Decker

## REPORT AND RECOMMENDATION

Seeking declaratory relief and damages, plaintiff Weston J. Stow has filed a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, seeking relief for alleged violations of his Fourteenth Amendment due process rights and for defendants' alleged tortious conduct. The complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

## Background

Between December 2017 and April 2018, Stow, a New Hampshire Department of Corrections ("DOC") inmate, requested that two New Hampshire State Police ("State Police") Detectives, Stephen Sloper and James Decker, investigate certain actions of three New Hampshire State Prison ("NHSP") employees, to determine whether probable cause existed to charge those NHSP employees with criminal conduct. Dets. Sloper and Decker, who served as

the State Police liaisons to the DOC, refused to conduct the investigations and/or make the probable cause determinations. Additionally, Stow alleges that Det. Decker, in an April 4, 2018 letter to Stow, see Doc. No. 1-6, at 17, falsely claimed to be "expressly forbidden by policy to initiate any investigation into a Department of Corrections employee," Doc. No. 1, at 2. Stow states that the DOC Inmate Handbook, and a document entitled "Memorandum of Understanding Between the New Hampshire State Police and the New Hampshire Department of Corrections" ("MOU"), see Doc. No. 1-6, at 26, acknowledge and/or require, and do not forbid, such investigations by State Police/DOC liaison officers.

Stow asserts that Dets. Sloper's and Decker's failure to conduct the investigation he requested violated his Fourteenth Amendment right not to be deprived of a liberty interest without due process of law.  Stow states that he has a state-created liberty interest in the requested investigations pursuant to: the DOC Inmate Handbook; the MOU; and the detectives' oath of office.  Stow further alleges that the detectives' conduct constitutes the torts of intentional misrepresentation of facts, negligence per se, and intentional inference with contractual relations.

**Discussion**

I.   Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed in forma pauperis.  See LR 4.3(d)(1).  The court may dismiss some or all of the claims in prisoner complaints if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

II.   Failure to Conduct Criminal Investigations

Stow asserts that the defendants violated his rights under federal and state law by failing, upon Stow's request, to investigate and make probable cause determinations regarding the allegedly criminal conduct of three DOC employees, conduct Stow claims adversely affected him.  There is no cause of action under 42 U.S.C. § 1983 for the failure to investigate a crime, as there is no federal constitutional right to have criminal

3

wrongdoers investigated or brought to justice.  See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Accordingly, Stow's assertion, that his federal constitutional rights were violated by the defendants' alleged failure to investigate allegations of criminal conduct by DOC employees, fails to state a claim upon which relief might be granted.

II.  Liberty Interest

To establish that his due process rights have been violated, a plaintiff must demonstrate that he has suffered a deprivation of a protected interest in life, liberty, or property.  See Mathews v. Eldridge, 424 U.S. 319, 332 (1976).  Stow asserts that the State of New Hampshire, in the DOC Inmate Handbook, the MOU, and the defendants' oath of office, provided Stow with a liberty interest in having investigated, upon his request, allegations of criminal conduct by DOC employees.  In general, "[a]n assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim."  McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012); see Querido v. Wall, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *14, 2010 WL 5558915, at *3 (D.R.I. Dec. 8, 2010), R&R adopted, 2011 U.S. Dist. LEXIS 1882, 2011 WL 63503

4

(D.R.I. Jan. 7, 2011).  Neither the detectives' conduct nor the alleged violations of the sources Stow cites have imposed any "'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'"  Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).  Those alleged sources of authority thus do not provide Stow with a liberty interest protected under the Due Process Clause.  Accordingly, Stow has not stated a Fourteenth Amendment due process claim upon which relief can be granted.

III. State Law Claims

Stow asserts claims for relief under state tort law.  The district judge should dismiss those claims without prejudice, upon declining to exercise supplemental jurisdiction over them, pursuant to 28 U.S.C. § 1367(c)(3) (court may decline to exercise jurisdiction if it has dismissed all claims over which it has original jurisdiction).

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to

file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                              /s/ Andrea K. Johnstone
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

January 3, 2020

cc:  Weston J. Stow, pro se